HARLAN et al. v. GUITAR.

(Court of Civil Appeals of Texas. Texarkana. Nov. 7, 1912. Rehearing Denied Nov. 28, 1912.)

1. BILLS AND NOTES (§ 363*)—FRAUD—BONA FIDE PURCHASER.

One who purchased a note before maturity, in due course of trade, for a valuable consideration, and without notice of fraud practiced on the maker, could recover thereon.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 790, 791, 960, 962; Dec. Dig. § 363.*]

2. BILLS AND NOTES (§ 525*)—FRAUD—NOTICE—BONA FIDE PURCHASER—EVIDENCE.

In an action on a note, evidence held to warrant a finding that plaintiff purchased the note before maturity, in due course of trade, for value, and without notice of fraud.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1832–1839; Dec. Dig. § 525.*]

Appeal from District Court, Taylor County; Thomas L. Blanton, Judge.

Action by J. H. Guitar against O. P. Harlan and others. Judgment for plaintiff, and defendants appeal. Affirmed.

H. H. Sagebiel, of Stamford, and D. M. Oldham, Jr., of Abilene, for appellants. Eugene De Bogory, of Abilene, for appellee.

WILLSON, C. J. Appellee, as the holder, sued appellants O. P. Harlan, G. C. Bishop, and one J. W. Kemp, as the makers of a promissory note, dated September 20, 1907, for the sum of $2,750, interest and attorney's fees, payable October 14, 1907, to the order of the Photo Print Manufacturing Company, incorporated under the laws of the state of Oklahoma. He recovered a judgment against appellants for the sum of $2,117.50, being one-half of the amount of the note, including interest accrued and attorney's fees. The appeal is by appellants Harlan and Bishop alone.

[1, 2] It appeared that the note was given by appellants and Kemp to cover part of the purchase price of a machine for copying penwritten records, the right to sell similar machines in Texas, and capital stock of the photo company of the face value of $4,000, sold to appellants and Kemp by the photo company acting by its president, one Gregory. Two or three days after the date of the execution of the note, the photo company, by an indorsement "without recourse," transferred the note to appellee and appellant Harlan for a consideration of $2,000 paid to it, $1,000 by Harlan, and the other $1,000 by appellee. Appellants contended that they were induced to make the note by a fraud practiced on them by Gregory; that the consideration therefor had failed; and that appellee had notice thereof at the time he purchased the note. Appellee contended that if it was true that appellants were so induced to execute the note, and that the consideration therefor had failed, he nevertheless was entitled to recover, because he purchased the note before its maturity, in due course of trade, for a valuable consideration paid, and without notice of any vice in it. The judgment rendered involves a finding in accordance with appellee's contention, and if there was testimony authorizing the finding the judgment should be affirmed; for if appellee was such a purchaser the matters relied upon as a defense against the recovery sought were not available to appellants as against him. There is testimony in the record which, we think, authorized such a finding. Appellee, as a witness, testified that he "knew what the note was given for," but "did not know that the machine was not giving good satisfaction at that time." He further testified that before he bought the note he told appellant Harlan he was "thinking seriously of buying it," and asked Harlan, "How about it?" and that Harlan replied: "It is all right. It is going to be paid." It was after this conversation with Harlan that appellee purchased the note. It seems to us that the testimony referred to tended to show that appellee did not have notice of the vice in the note, and that we should not say that the finding to that effect involved in the judgment was without evidence to support it. It appears from testimony in the record that after appellee agreed with Gregory to purchase the note he agreed that Harlan might have a one-half interest in it if he would pay to Gregory one-half the purchase price. Harlan thereupon paid to Gregory one-half of the $2,000 appellee had agreed to pay for the note. It is insisted that the effect of the transaction was to make Harlan and appellee partners in the purchase of the note, and that, Harlan having knowledge of the vice in the note, appellee, as his partner in the transaction, was chargeable with such knowledge. It is, perhaps, a sufficient answer to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

this contention to say that the judgment involves a finding, supported by testimony, that appellee purchased the note on his own account, and then sold to Harlan a one-half interest in it; but we think it also may be said that the judgment involves a finding, not without support in the testimony, that Harlan himself at that time did not know or have reason to believe that the consideration for the note had failed.

We conclude as the court below did that appellee, as an innocent purchaser, was entitled to protection as against the defenses asserted by appellants. Therefore the judgment is affirmed.